IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RECARDO HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 315-028 |
| | ) | |
| WARDEN MCLAUGHLIN; | ) | |
| WARDEN QUINN; WARDEN RUFFIN; | ) | |
| CHIEF HODGES; CHIEF BRYANT; | ) | |
| UNIT MANAGER POWELL; LT. ROGERS; | ) | |
| CASE MANAGER MS. DIXION; | ) | |
| and SGT. FREEMAN, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, an inmate at Wheeler Correctional Facility in Alamo, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983. He originally filed the case in the Middle District of Georgia, but the proceedings were subsequently transferred to this District because the events about which he complains occurred in this District. (Doc. no. 3.) Because Plaintiff had never submitted his claims on the standard complaint form used by incarcerated litigants in the Southern District of Georgia, and as such, had not provided the information that the Southern District requires, on March 30, 2015, this Court ordered Plaintiff to re-submit his complaint on the standard complaint form within fourteen days. (See doc. no. 9.)

Plaintiff has now responded with a handwritten filing titled "pleading" that deals with different facts than he alleged in his original complaint. (See doc. no. 10.) It is unclear what Plaintiff is attempting to do, but, as the Court has already instructed, if he wishes to proceed with this case, he must re-submit a complaint on the standard complaint form used by incarcerated litigants in the Southern District of Georgia, and include all matters he wishes the Court to consider in that one document. The Court will give Plaintiff another opportunity to re-submit an amended complaint in accordance with the instructions in its March 30th Order and repeated below.

The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated litigants in the Southern District of Georgia, stamped with this case number, to Plaintiff's service copy of this Order. Plaintiff's re-submitted complaint will supersede and replace in its entirety the pleading filed in the Middle District. Plaintiff **MUST** use and fill out completely the standard form provided along with this Order, with no more than six handwritten pages attached. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court regarding re-drafting the complaint); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint within fourteen days in accordance with the instructions in this Order. The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff. Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011); Lowery v. Ala. Power Co., 483 F.3d

2

1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint.[1] Thus, Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, within fourteen days of the undersigned date, Plaintiff shall state in the single amended complaint

---

[1] For example, Plaintiff should not simply state, "See attached documents."

filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought.  Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, Defendant should be served with a copy of the amended complaint.  If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.  Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address.  Failure to do so will result in dismissal of this case.

SO ORDERED this 20th day of April, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA