IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RECARDO HOLMES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WARDEN MCLAUGHLIN; )<br>WARDEN QUINN; WARDEN RUFFIN; )<br>CHIEF HODGES; CHIEF BRYANT; )<br>UNIT MANAGER POWELL; LT. ROGERS; )<br>CASE MANAGER MS. DIXION; )<br>and SGT. FREEMAN, )<br>)<br>Defendants. ) | CV 315-028 |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at Coffee Correctional Facility in Nicholls, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this civil action he filed pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Wheeler Correctional Facility in Alamo, Georgia. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 8) and that this action be **DISMISSED** without prejudice.

I.  **BACKGROUND**

Plaintiff originally filed this case in the Middle District of Georgia, but the proceedings were subsequently transferred to this District because the events about which he complains occurred in this District. (Doc. no. 3.) In his original filing, Plaintiff stated that

prison officials, who informed Plaintiff a gang member placed a hit on him, refused to place him in protective custody. (See doc. no. 1.) He feared for his life and safety at Wheeler Correctional Facility because he came into contact with other prisoners when he was being escorted to the showers and at the barbershop, and other prisoners prepare his food. (Id. at 6.) Because Plaintiff had never submitted his claims on the standard complaint form used by incarcerated litigants in the Southern District of Georgia, and as such, had not provided the information that the Southern District requires, on March 30, 2015, this Court ordered Plaintiff to re-submit his complaint on the standard complaint form, which the Court provided Plaintiff, within fourteen days. (See doc. no. 9.)

Plaintiff did not re-submit his complaint on the standard form, but instead responded to the Court's March 30th Order with a handwritten filing titled "pleading" that dealt with different facts than he alleged in his original complaint. (See doc. no. 10.) Plaintiff alleged that prison staff was threatening him because he is a "snitch" and tampering with his legal mail. (Id. at 1-2.) He stated that he was afraid for his life and safety at Wheeler Correctional Facility, was not sleeping or eating, and would only leave his cell to shower. (Id. at 2-3.) On April 20, 2015, the Court gave Plaintiff another opportunity to re-submit an amended complaint in accordance with the instructions in its March 30th Order because it was unclear what Plaintiff was attempting to do with his "pleading" and the Court had already instructed Plaintiff that he must re-submit a complaint on the standard complaint form and include all matters he wishes the Court to consider in that one document if he wished to proceed with this case. (Doc. no. 11.)

On May 15, 2015, Plaintiff responded with a letter, stating that he has not been able to respond to the Court's April 20th Order because he had been transferred to Coffee

Correctional Facility and the staff at Wheeler Correctional Facility destroyed his legal documents and threatened to poison him. (See doc. no. 12.)

## II. THE COMPLAINT IS SUBJECT TO DISMISSAL BECAUSE PLAINTIFF HAS FAILED TO COMPLY WITH THIS COURT'S ORDERS.

The Court ordered Plaintiff to amend his complaint on March 30, 2015. (See doc. no. 9.) Plaintiff was given fourteen days to comply, and he was warned that, if he wanted to proceed with his case, he must file an amended complaint. (See id.) In addition, the Court specifically advised Plaintiff that if he failed to amend his complaint as instructed, the Court would presume that he desired to have his case voluntarily dismissed and would recommend dismissal of his case without prejudice. (Id. at 3.) Plaintiff was given an additional fourteen days to comply with the Court's March 30th Order on April 20, 2015. (Doc. no. 11.) Despite this additional opportunity, Plaintiff has failed to comply with the Court's March 30th and April 20th Orders.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order, which operates as an adjudication on the merits unless the Court specifies otherwise. See Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, "dismissal without prejudice [is] appropriate" pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, because Plaintiff has failed to comply with the Court's March 30th and April 20th Orders despite repeated warnings, dismissal without prejudice is appropriate. Owens, 331 F. App'x at 655. Furthermore, because Plaintiff requests to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits. See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case <u>and pursue it.</u>

## III. THE COMPLAINT IS ALSO SUBJECT TO DISMISSAL UNDER THE THREE STRIKES RULE.

### A. Standard

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

### B. Plaintiff's Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Holmes v. Stovall, 1:09-cv-3267 (N.D. Ga. Jan. 24, 2012) (dismissed

as sanction for lying about filing history); (2) Holmes v. Crayola, LLC, 1:09-cv-3562 (N.D. Ga. Dec. 31, 2009) (dismissed as frivolous); and (3) Holmes v. Owens, 1:08-cv-147 (M.D. Ga. Oct. 17, 2008) (dismissed as frivolous). A dismissal as a sanction for lying about one's filing history is an "abuse of the judicial process" that counts as a strike under § 1915(g). See Rivera, 144 F.3d at 731. Because Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

C. **Plaintiff Does Not Qualify for the Imminent Danger Exception.**

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Here, in Plaintiff's most recent filing, he states that he is in fear because prison officials at Wheeler Correctional Facility threatened to poison him. However, because Plaintiff has been transferred to Coffee Correctional Facility, this allegation does not demonstrate that he is currently in imminent danger. See Owens v. Schwartz, 519 Fed. App'x 992 (11th Cir. 2013) (finding that where inmate was transferred out of facility after filing complaint, even assuming he had been in imminent danger of serious physical injury from his cell mate and failure of prison officials to protect him at previous facility, that danger had passed).

Additionally, even if the Court were to assume that Plaintiff is still asserting that he is in imminent danger whenever he is in the presence of another inmate because a prison gang member placed a hit on him, this allegation amounts to no more than bare speculation that an assault is possible and is insufficient to satisfy the imminent danger exception. See Bingham

6

v. Owens, CV 311-019, 2011 WL 5358651, at *4 (S.D. Ga. Sept. 16, 2011) *report and recommendation adopted sub nom.* Bingham v. Morales, CV 311-019, 2011 WL 5358594 (S.D. Ga. Nov. 4, 2011) (holding plaintiff failed to qualify for imminent danger exception where he alleged "that he is placed at risk by having to leave his cell door open during prisoner counts, which he argues leaves him vulnerable to a possible attack by other inmates").

Therefore, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strikes rule.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 8) and that this action be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 22nd day of May, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA